**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                              **Respondent,**          **5:06-CR-315 (NAM)**
          **v.**                                       **5:08-CV-1271**

**QUANTE WRIGHT A.K.A. "LITTLE HOVA",**

                              **Petitioner.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

Quante Wright,
13895-052
USP Big Sandy
U.S. Penitentiary
P.O. Box 2068
Inez, Kentucky 41224
Petitioner, *Pro Se*

Andrew T. Baxter                               John M. Katko,
United States Attorney                         Assistant United States Attorney
Northern District of New York
100 South Clinton Street
Room 900, P.O. Box 7198
Syracuse, New York  13261-7198

**Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM DECISION AND ORDER**

**I.      INTRODUCTION**

        Petitioner Quante Wright moves to vacate, set aside, or correct his conviction pursuant to

28 U.S.C. § 2255.  The government opposes Wright's motion.

**II.     BACKGROUND**

        On April 20, 2007, Wright pled guilty to a conspiracy to engage in a pattern of

racketeering activity as part of his membership in the Brighton Brigade gang, in violation of the

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d).  On January 31, 2008, the Court sentenced Wright to a term of imprisonment of 105 months, followed by 5 years of supervised release.

On April 29, 2008, Wright filed a motion seeking an order appointing counsel and arguing: (1) that when imposing sentence, the Court failed to consider that all the overt acts to which Wright pled guilty were committed between the ages of 14 and 18; and (2) that even though his offense level was enhanced based on his overt acts, the Court failed to award him credit for prior terms of imprisonment he served in connection with those acts.

Because Wright claimed legal error in his sentencing proceeding, the Court advised him that it intended to convert his motion papers to a petition pursuant to § 2255, warned Wright of the potential adverse consequences of such conversion, and offered him the opportunity to withdraw his submission.  Additionally, the Court informed Wright that if he desired the Court to consider the motion under § 2255, he could amend and/or supplement his motion.

Wright amended and supplemented his original motion papers to include an argument that the Court lacked subject matter jurisdiction in this case because the government failed to file a certification required by the Federal Juvenile Delinquency Act ("JDA") , 18 U.S.C. § 5301 *et seq*. The government filed a response in opposition to Wright's motion.  Wright filed a reply to the government's opposition papers.

**III.    DISCUSSION**

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence.  *Morales v. United States*, 2008 WL 4761705, at * 3 (S.D.N.Y. 2008).  A § 2255 petitioner may collaterally attack his sentence on very limited

grounds.  Indeed, a district court may only vacate or modify a sentence if the court "was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *United States v. Addonizio,* 442 U.S. 178, 183 (1979).  To be otherwise subject to collateral attack, the sentence must suffer from an error of law that is either constitutional in magnitude or so fundamental as to result in a miscarriage of justice. *See id.; Parsons v. United States*, 919 F. Supp. 86, 88-89 (N.D.N.Y. 1996).

### A.    Age

Wright argues in his motion papers that when imposing sentence, the Court failed to consider that he was between the ages of 14 and 18 when he committed the overt acts alleged in the indictment.  As the Court explained when imposing sentence, "I took into consideration his age when things started with him and the amount of [criminal history] points that did develop at the younger age, didn't go away, I have thought of that in the sentence that I have imposed too." Dkt. No. 237, p. 6.  Thus, Wright's argument is without merit.

### B.    Federal Juvenile Delinquency Act

In this case, Wright contends that because he was under the age of 18 during "part of the conspiracy" the JDA required the government to file a certification.  Wright further asserts that the government's failure to do so deprived the Court of subject matter jurisdiction.  The Second Circuit has explained:

> The need certification provision directs that a juvenile alleged to have committed an act of juvenile delinquency may not be prosecuted in a federal district court unless the Attorney General certifies to the court that: (1) state courts either do not have or refuse to assume jurisdiction over the juvenile; (2) the state does not have "available programs and services adequate for the needs of juveniles;" or (3) the offense charged is a violent felony, or is one of several enumerated narcotics- and firearm-related

3

offenses, and there is a substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction. 18 U.S.C. § 5032.  Certification is a prerequisite to the exercise of federal jurisdiction over juveniles.

*United States v. Wong*, 40 F.3d 1347, 1363 (2d Cir. 1994) (footnote omitted).  However, the Second Circuit has held that "federal courts have jurisdiction over conspiracies begun while a defendant was a minor but completed after his eighteenth birthday."  *Wong*, 40 F.3d at 1365.  In Wong, the Second Circuit explained that because the RICO conspiracy was a continuing crime, the defendant's "post-eighteen conduct" of conspiracy to murder was sufficient "to furnish the district court with jurisdiction over the substantive RICO and RICO conspiracy charges".  *Wong*, 40 F.3d at 1366.

In this case, Wright turned 18 on November 25, 2002.  In his plea agreement, and at the plea hearing, Wright admitted to a number of overt acts, including overt acts 45 (crack possession), 47 (crack possession), and 51 (participation in an armed robbery), all of which he committed at the age of 18.  Thus, Wright "ratif[ied] his pre-eighteen participation by continued participation after attaining majority."  *Wong*, 40 F.3d at 1366.  Accordingly, no certification pursuant to the JDA was required and the Court had subject matter jurisdiction over this action.

## C.   Credit for Discharged Terms of Imprisonment

Wright argues that "he was enhanced levels and categories for his overt acts.  The court did not credit him any of his jail time credit served for the overt acts prior to this case."  According to the PSR, Wright has served terms of imprisonment in connection with overt acts 33 and 45, to which he admitted as part of his plea agreement, specifically: a 5 month sentence in state court after violating probation in connection with his conviction for criminal possession of a weapon, which is described in overt act 33; and a 9 month sentence after violating probation in

4

connection with his conviction for resisting arrest, which is described in overt act 45.[1]  Wright

completed both terms of imprisonment prior to sentencing in this case on January 31, 2008.

Wright asserts the Court should have awarded credit for the time served in connection with these

convictions because they were used in calculating his sentence.[2]

Regarding credit for discharged terms of imprisonment, § 5K2.23 of the United States

Sentencing Guidelines provides in relevant part:

> A downward departure may be appropriate if the defendant (1) has completed serving
> a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence
> on a Defendant Subject to Undischarged Term of Imprisonment) would have provided
> an adjustment had that completed term of imprisonment been undischarged at the time
> of sentencing for the instant offense.

U.S.S.G. § 5K2.23.  Section 5G1.3(b) applies "in cases in which all of the prior offense (i) is

relevant conduct to the instant offense . . .; and (ii) has resulted in an increase in the . . . offense

level for the instant offense."  U.S.S.G. § 5G1.3, appl. n. 2.

In this case, Wright's conviction for resisting arrest, which stemmed from  overt act 45,

possession of cocaine base (crack), was included in his criminal history, and not as part of the

---

[1]There appears to be an error in the PSR which refers to the facts underlying overt act 45
as overt act 54 in ¶¶ 42 and 82.

[2]At the sentencing hearing, the Court found Wright's total offense level was 30, and his
criminal history category was VI.  Wright's offense level was calculated based on: (1) a drug
quantity of at least 50 grams but less than 150 grams of cocaine base (crack), (§2D1.1(c)(5)), and
the possession of a dangerous weapon in connection with drug trafficking activities (§
2D1.1(b)(1)); and (2) robbery during which a firearm was discharged (overt act 51) (§§ 2B3.1
and 2B3.1(b)(2)(A)).  When grouped pursuant to U.S.S.G. §3D1.4, these offenses yielded an
offense level of 33.  The Court reduced the offense level by 3 levels based on Wright's
acceptance of responsibility and timely notification of his intention to plead guilty (§§ 3E1.1(a)
and 3E1.1(b)), resulting in a total offense level of 30.

instant offense.  Section 2E1.1, Application Note 4 regarding offense levels in RICO cases specifically provides that:

> [w]here such previously imposed sentence resulted from a conviction prior to the last overt act of the instant offense, treat as a prior sentence under § 4A1.2(a)(1) and not as part of the instant offense.  This treatment is designed to produce a result consistent with the distinction between the instant offense and criminal history found throughout the guidelines.

This conviction, therefore, did not increase Wright's offense level and he was not entitled to credit for any time served in connection with that offense.

At sentencing, Wright received a 2-level increase pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon in connection with drug trafficking activities.  Although Wright served a 5 month term of imprisonment after violating probation in connection with his conviction for criminal possession of a weapon (overt act 33), "a defendant cannot enjoy the benefits of section 5G1.3(b) unless the district court *in fact* incorporated his prior offense as relevant conduct in the instant prosecution."  *United States v. Williams*, 260 F.3d 160, 167 (2d Cir. 2001).

In this case, the Court did not incorporate overt act 33, Wright's prior weapons offense, as relevant conduct for purposes of increasing his offense level under § 2D1.1(b)(1).  Indeed, as grounds for the imposition of the 2 level increase pursuant to § 2D1.1(b)(1), the presentence investigation report ("PSR"), on which the Court relied in imposing sentence, cited: Brighton Brigade gang members' routine possession and use of firearms in furtherance of their criminal activities, including the distribution of cocaine base (crack); and Wright's possession of firearms. The PSR also indicated that there was a basis on which the Court could find that Wright was reasonably aware of firearms that were used to further Brighton Brigade's drug trafficking

6

activities.  Further, overt act 33 was not the only act to which Wright admitted that involved the possession of a firearm.  Indeed, according to overt act 21, Wright brandished a revolver. Therefore, since the Court did not "in fact" incorporate Wright's prior weapons conviction, as described in overt act 33, as relevant conduct to increase his offense level pursuant to § 2D1.1(b)(1), a downward departure pursuant to § 5K2.23 in order to provide credit for the 5 month term of imprisonment he served in connection with that offense, was not warranted.

## IV.    APPOINTMENT OF COUNSEL

Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for a petitioner seeking relief under § 2255 when "the interests of justice so require".  In this case, Wright's claims lack merit, thus, appointment of counsel is not warranted.

## V.    CERTIFICATE OF APPEALABILITY

Finally, 28 U.S.C. § 2253(c)(1) provides in relevant part that:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > (B) the final order in a proceeding under section 2255.[3]

A certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  Since Wright has failed to make such a showing herein, the Court declines to issue any certificate of appealability in this matter.  *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998).

## VI.    CONCLUSION

---

[3] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  *See* Fed.R.App.P. 22(b).

**WHEREFORE**, after having reviewed the record relating to the underlying criminal matter, the documents submitted by the parties in conjunction with this action, the applicable law, and for the reasons discussed herein, it is hereby

**ORDERED** that Petitioner's Motion to Vacate is **DENIED**, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on the parties by electronic or regular mail.

A Certificate of Appealability shall not be issued in this case.

**IT IS SO ORDERED**

Date: June 30, 2009

_____
Norman A. Mordue
Chief United States District Court Judge

8